IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES ALLEN ARMSTRONG, | Cause No. CV 20-88-H-CCL |
| Petitioner, | |
| vs. | ORDER |
| LEWIS AND CLARK COUNTY, | |
| Respondent. | |

This matter comes before the Court on state pro se petitioner Charles Allen Armstrong's Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Although procedural hurdles, including statute of limitations and/or procedural default, may exist, it matters not because Armstrong's petition lacks merit.

## I.    Armstrong's Claims

Although he provides no background regarding his current incarceration, it appears that in November of 2018, Mr. Armstrong was sentenced in Montana's First Judicial District, Lewis and Clark County, for two counts of Forgery and one count of Deceptive Practices.[2]  Mr. Armstrong is currently in custody at the

---

[1] See, (Doc. 1.)
[2] See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2057169/ (accessed December 15, 2020).

Crossroads Correctional Facility.[3]

In the instant petition, Armstrong claims he is being wrongfully incarcerated as a result of an unlawful conviction.[4]  Armstrong contends that his Fifth Amendment right to indictment by a grand jury and, correspondingly, Rule 7(a) of the Federal Rules of Criminal Procedure, were both violated by the criminal charging procedure utilized by the State of Montana.[5]  Armstrong asserts the Montana Legislature failed to provide by statute that an Information may be used to prosecute a felony.[6]  Additionally, Armstrong claims the pretrial detention procedure utilized by the State of Montana violates Montana pretrial detainees Fourth Amendment rights.[7]

Armstrong asks this Court to release him from his unconstitutional conviction and incarceration and order his complete exoneration with prejudice.[8]

## II.    Analysis

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  As a preliminary matter, the Federal Rules of

---

[3] *Id.*
[4] See, (Doc. 1 at 3-4.)
[5] *Id.* at 2-3.
[6] *Id.* at 3, 8-14.
[7] *Id.* at 6-7.
[8] *Id.* at 15.

Criminal Procedure do not apply to Armstrong, a state prisoner. The Fifth

Amendment Grand Jury Clause, which guarantees indictment by grand jury in

federal prosecutions, was not incorporated by the Fourteenth Amendment to apply

to the states. See, *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) (noting

that "indictment by grand jury is not part of the due process of law guaranteed to

state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California,*

110 U.S. 516, 535 (holding that the Fourteenth Amendment did not incorporate the

Fifth Amendment right to a grand jury); see also, *Rose v. Mitchell*, 443 U.S. 545,

557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v.*

*Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545

(1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). In short, Armstrong was

not entitled to indictment by a grand jury. Moreover, the argument advanced by

Armstrong is not novel. This Court has consistently rejected such claims as

frivolous and wholly lacking in substantive merit.[9]

---

[9] See e.g., *Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at *2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate

Armstrong's reliance upon *Gerstein* in support of a purported Fourth Amendment violation is also misplaced. In *Gerstein*, the Supreme Court held that the Fourth Amendment requires prompt judicial determination of probable cause as a prerequisite to extended detention following a warrantless arrest. There the Court specifically noted that a judicial probable cause hearing is not a prerequisite to prosecution by information as "the Constitution does not require an adversary determination of probable cause...[t]here is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole." *Gerstein*, 420 U.S. 103, 123 (1975). *Gerstein* does not stand for the principle which Armstrong asserts it does.

Next, Armstrong claims that the charging procedure utilized by the State of Montana violates state law. But even if Armstrong had been charged in violation of state law, "only noncompliance with *federal* law . . . renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (emphasis in *Corcoran*). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). This claim, therefore, does not allege a basis on which federal habeas relief may be granted.

---

counsel was not ineffective for failing to raise frivolous Fifth Amendment claim).

Additionally, there was no violation of state law. The Montana Supreme Court is the highest authority in the land—superior even to the United States Supreme Court—on the content and meaning of Montana law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). The Montana Supreme Court has held the information charging process does not violate state law. See, *Kenfield v. State*, 377 P.3d 1207, 1213 (Mont. 2016). Therefore, it does not violate state law.  Armstrong's petition will be denied on the merits.

## III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[10]  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."[11]  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."[12]

---

[10] See, Rule 11(a), Rules governing § 2254 Proceedings.

[11] 28 U.S.C. § 2253(c)(2).

[12] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

5

Armstrong has not made a substantial showing that he was deprived of a constitutional right.  Because his petition is conclusively lacking in merit, reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability is denied.

**IT IS HEREBY ORDERED:**

1.  Armstrong's petition (Doc. 1) is DENIED for lack of merit.

2.  The Clerk of Court shall enter judgment in favor of Respondent and against Petitioner.

3.  A certificate of appealability is DENIED.

DATED this ⟍⟋6ᵗʰ day of December, 2020.


CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

6